UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**CHARMAINE ALLISON BRANNAN,**

Debtor.

Case No. **10-62399-13**

# MEMORANDUM of DECISION

At Butte in said District this 26th day of May, 2011.

In this Chapter 13 bankruptcy, after due notice, the Court conducted a hearing on May 24, 2011, in Billings concerning: (1) confirmation of Debtor's First Amended Chapter 13 Plan filed May 23, 2011; (2) Debtor's Motion for Valuation of Security filed January 27, 2011, at docket entry no. 39, wherein Debtor seeks to fix, as permitted by F.R.B.P. 3012, the amount of Altana Federal Credit Union's[1] allowed secured claim (Claim No. 13 on the claims register) at $1,500; (3) Debtor's Motion for Valuation of Security filed January 27, 2011, at docket entry no. 40, wherein Debtor seeks to fix the amount of Altana Federal Credit Union's allowed secured claim (Claim No. 12 on the claims register) at $8,000; (4) Debtor's Objection to Proof of Claim Nos. 2, 3 and 4 filed by Altana Federal Credit Union; (5) Debtor's Objection to Proof of Claim No. 14 filed by Altana Federal Credit Union; (6) Debtor's Second Amended Objection to Proof of Claim No. 12 filed by Altana Federal Credit Union; and (7) Debtor's Amended Objection to Proof of

---

[1] The proofs of claim filed in this case and the motions and objections filed by Debtor identify the creditor as Altana Federal Credit Union. However, the loan and security documents identify the creditor as Avanta Federal Credit Union. For purposes of this memorandum, the Court will refer to Altana Federal Credit Union and Avanta Federal Credit Union as "Avanta" given the documents.

1

Claim No. 13 filed by Altana Federal Credit Union.  Debtor was represented at the hearing by Craig D. Martinson of Billings, Montana, and Avanta was represented by Margy Bonner of Billings, Montana.  The Chapter 13 Trustee, Robert G. Drummond of Great Falls, Montana, also appeared at the hearing.  Debtor Charmaine Allison Brannan and Heather Hasbrook testified; Avanta's Exhibits B, C, D, E and F and Debtor's Exhibit 5 were admitted into evidence without objection.  The parties agreed at the commencement of the hearing that Proofs of Claim Nos. 2, 3 and 11 should be disallowed while Amended Proof of Claim No. 4 should be allowed.[2]  The parties also agreed that Proof of Claim Nos. 12, 13 and 14 should be allowed as secured claims in amounts to be determined by the Court.

## BACKGROUND

The facts are straight forward.  Debtor filed a voluntary Chapter 12 bankruptcy petition on October 4, 2010.  Upon request of Debtor, this case was converted to Chapter 13 of the Bankruptcy Code on December 28, 2010.  Debtor is trained to work in nursing homes, but her sole source of income at this time is providing bulls for rodeo events.

On October 16, 2004, Debtor borrowed $32,027 from Avanta to purchase a 2004 Ford F350.  *See* Exhibit C, Retail Installment Contract and Security Agreement.  Per Exhibit F, the value of the 2004 Ford F350 is $8,132.00.  Per Exhibit 12, Debtor owes $10,468.36 on said obligation.

On March 8, 2005, Debtor borrowed $12,008 from Avanta and gave a 2005 Exis STC20

---

[2] Debtor did not file an objection to the allowance of Proof of Claim No. 11.  However, it is clear from the record that Amended Proof of Claim No. 11 and Amended Proof of Claim No. 4 both cover a trailer loan dated March 8, 2005, which loan is secured by Debtor's 2005 Exis STC20 stock trailer.

stock trailer as security for the loan. *See* Exhibit 5, Loan and Security Agreement and Disclosure Statement. Paragraph 2 of the Security Agreement found at Exhibit 5 recites:

> 2. WHAT THE SECURITY INTEREST COVERS - The property secures the Loan and any extensions, renewals or refinancings of the Loan. If the Property is not a dwelling, it also secures any other loans, including any credit card loan, you have now or receive in the future from us and any other amounts you owe us for any reason nor or in the future, except any loan secured by your principal residence. If the Property is household goods as defined by the Federal Trade Commission Credit Practices Rule or your principal residence, the Property will secure only this Loan and not other loans or amounts you owe us.

Per Exhibit D, the 2005 Exis trailer has a value of $8,250.00. Per Exhibit 4, Debtor owes $3,294.64 on the March 8, 2005, obligation.

On January 23, 2006, Debtor borrowed an additional $8,216 from Avanta and gave a 1998 Dodge 1500 and a 1990 Ford F350 as security. *See* Exhibit B, Loan and Security Agreement and Disclosure Statement. Per Exhibit E, the 1998 Dodge 1500 has a value of $279.00. The total amount still owing on the January 23, 2006, obligation is $2,771.78. *See* Proof of Claim No. 13. Debtor's estranged spouse has the 1990 Ford F350 in Scottsdale, Arizona. Debtor is willing to surrender her interest in the 1990 Ford F350.

Finally, Avanta asserts in Proof of Claim No. 14 that it is owed $938.15 for charging off Debtor's checking account. Avanta asserts that said claim is secured.

Debtor does not dispute she still owes $3,294.64 on the 2005 Exis trailer. Debtor is also willing to pay Avanta the value of the 2004 Ford F350 and the value of the 1998 Dodge 1500. However, Avanta asserts that it is also entitled to an additional security interest in the 2005 Exis trailer by virtue of the cross-collateralization clauses found in both the March 8, 2005, and January 23, 2006, security agreements. Debtor counters that she was unaware of the cross-

3

collateralization clauses and further testified that she could not recall whether she had in fact read such agreements. Heather Hasbrook, a financial services manager at Avanta testified that she completed the paperwork for the three loans at issue. Ms. Hasbrook testified that she does not read loan and security documents to her customers. However, Ms. Hasbrook provides her customers, including Debtor, with their loan and security documents and asks them to review such documents and contact Avanta if they have any questions or concerns. Debtor did not contact Avanta.

## APPLICABLE LAW and DISCUSSION

The sole issue in this case is whether Debtor can avoid the cross-collateralization clauses in her security agreement with Avanta. The answer to that question is a resounding no. In *Silva v. McGuinness* (1980), 189 Mont. 252, 615 P.2d 879, the Supreme Court of Montana declined to "read ambiguity into a contract where the language itself is unambiguous." The Court in *Silva* explained,

> "A party to a contract cannot avoid the contract on the ground that he made a mistake where there has been no misrepresentation, no ambiguity in the terms of the contract and the other party has no notice of such mistake and acts in good faith. Furthermore, even if one of the contracting parties believes the words of the contract mean something different, the parties to the contract are bound by the plain meaning of the words used in the agreement as properly interpreted, unless the other party knows of such mistake. (Citation omitted.)
>
> "One who executes a written contract is presumed to know the contents of the contract and to assent to those specified terms, in the absence of fraud, misrepresentation, or other wrongful act by the other contracting party. Absent incapacity to contract, ignorance of the contents of a written contract is not a ground for relief from liability. (Citation omitted.)
>
> "If a contracting party acts negligently and in such a manner as to lead others to suppose that the writing is assented to by him, the contracting party will be bound in law and in equity, even though the contracting party supposes the writing is an

4

instrument of an entirely different character. (Citation omitted.)

*Silva*, 189 Mont. at 256. The cross-collateralization clauses in Debtor's security agreements with Avanta are clear and unambiguous. Moreover, Debtor does not assert any fraud, misrepresentation, or other wrongful act by Avanta. The fact that Debtor may not have read the loan documents or security agreements, or might not have understood the cross-collateralization clauses does not entitle Debtor to her desired relief in this case. As later explained by the Supreme Court of Montana, failure to read and understand a clear and unambiguous agreement, absent mistake, is not a defense to its enforcement. *Morrison v. Higbee* (1983), 204 Mont. 515, 520, 668 P.2d 1025, 1027. Indeed, "[t]he integrity of written contracts would be destroyed if contracting parties, having admitted signing the instrument, were allowed to rescind the contract on the basis they neither read nor understood the expressed agreement. (Citation omitted.)" *Quinn v. Briggs* (1977), 172 Mont. 468, 475-476, 565 P.2d 297, 301.

The parties stipulated that Avanta's collateral has a combined value of $16,661.00 ($8,250.00 attributable to the 2005 trailer, $279.00 for the 1998 Dodge 1500 and $8,132.00 for the 2004 Ford F350). The parties also apparently agree that Debtor owes Avanta a total of $17,472.93. However, a portion of the amount owed is secured by a 1990 Ford F350 in which Debtor has agreed to surrender her interest. The 1990 Ford F350 presumably has some value that can be subtracted from the total amount that Debtor owes Avanta. Whatever amount Debtor ultimately owes, for the reasons discussed above, this Court concludes that the combined amount of Avanta's allowed secured claims may total as much as $16,661.

Upon review, it does not appear that Debtor's First Amended Chapter 13 Plan is adequately funded to pay Avanta the full secured amount that it is owed. However, the Court

will leave that determination to the Trustee and Avanta to determine. To that end, the Court will continue Debtor's confirmation hearing to June 28, 2011. In accordance with the foregoing, the Court will enter a separate order providing as follows:

IT IS ORDERED:

1. Debtor's Motion for Valuation of Security filed January 27, 2011, at docket entry no. 39, is granted in part, and the value of Debtor's 1998 Dodge 1500 is fixed at $279.00;

2. Debtor's Motion for Valuation of Security filed January 27, 2011, at docket entry no. 40, is granted in part, and the value of Debtor's 2004 Ford F350 is fixed at $8,132.00;

3. Debtor's Objection to Proof of Claim Nos. 2, 3 and 4 filed by Avanta is sustained in part and overruled in part; the allowance of Proof of Claim Nos. 2 and 3 is denied; and Amended Proof of Claim No. 4 is allowed as filed;

4. By agreement of the parties, the allowance of Proof of Claim No. 11 is denied on grounds Proof of Claim No. 11 is a duplicate of Amended Proof of Claim No. 4.

5. Debtor's Objection to Proof of Claim No. 14 filed by Avanta is overruled;

6. Debtor's Second Amended Objection to Proof of Claim No. 12 filed by Avanta is overruled; and

7. Debtor's Amended Objection to Proof of Claim No. 13 filed by Avanta is overruled.

IT IS FURTHER ORDERED and NOTICE IS HEREBY GIVEN that the hearing on Confirmation of Debtor's First Amended Chapter 13 Plan filed May 23, 2011, is continued to **Tuesday, June 28, 2011, at 09:00 a.m.**, or as soon thereafter as the parties can be heard, in the 5TH FLOOR COURTROOM, FEDERAL BUILDING, 316 NORTH 26TH, BILLINGS, MONTANA.

IT IS FURTHER ORDERED that in the event Debtor concludes that she needs to file an amended Chapter 13 Plan, she shall do so, with service to all creditors and interested persons, on or before **June 17, 2011**.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana